1 | **CALLAHAN & BLAINE, APLC**
Daniel J. Callahan (Bar No. 91490)
2 | daniel@callahan-law.com
Brian J. McCormack (Bar No. 167547)
3 | bmccormack@callahan-law.com
David J. Darnell (Bar No. 210166)
4 | ddarnell@callahan-law.com
Evan W. Granowitz (Bar No. 234031)
5 | egranowitz@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
6 | Santa Ana, California 92707
(714) 241-4444
7 | (714) 241-4445 Fax

8 | Attorneys for Plaintiff JAMES SKORHEIM,
as Litigation Trustee for the FCH Litigation Trust
9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | SANTA ANA DIVISION

13 |

| | |
|---|---|
| 14 JAMES SKORHEIM, as Litigation Trustee for the FCH Litigation Trust, | CASE NO. SACV10-789 AG (MLGx) |
| 15 | Honorable Andrew J. Guilford Courtroom 10D |
| Plaintiff, | |
| 16 vs. | **PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION** |
| 17 SCOTT N. FLANDERS, an individual; | |
| 18 THOMAS W. BASSETT, an individual; WILLIAM F. BAKER, an individual; | |
| 19 RAYMOND C.H. BRYAN, an individual; ROBIN J. HARDIE, an | |
| 20 individual; BURL OSBORNE, an individual; DAVID M. TOLLEY, an | |
| 21 individual; MICHAEL J. DOMINGUEZ, an individual; MARK J. | |
| 22 MASIELLO, an individual; DAVID D. THRESHIE, an individual; MARK T. | |
| 23 GALLOGLY, an individual; JILL A. GREENTHAL, an individual; JAMES J. | |
| 24 SPANFELLER, an individual; CHRIS PHILIBBOSIAN, an individual; | |
| 25 GREGORY J. WALLACE, an individual; and DOES 1 through 25, | |
| 26 inclusive, | |
| 27 Defendants. | |
| 28 | |

1      WHEREAS, to facilitate the production and receipt of information during discovery

2  in the above-captioned litigation ("the Litigation"), the parties agree and stipulate, through

3  their respective counsel, to the entry of the following Protective Order for the protection of

4  Restricted Materials (as defined herein) that may be produced or otherwise disclosed during

5  the course of this Litigation by any party or non-party.  The Court has been fully advised

6  and has found good cause for entry of this Order.

7      Accordingly, IT IS HEREBY ORDERED that the terms and conditions of this

8  Protective Order shall govern the handling of discovery materials in the Litigation:

9      1.     **Applicability of Order:** This Order does not and will not govern any trial

10  proceedings in this Litigation, but will otherwise be applicable to and govern the handling

11  of any and all "Discovery Material," as defined in section 2(a) below.

12      2.     **Definitions:**

13      a.     The term "Discovery Material" shall mean any and all documents,

14  information, electronically stored information, depositions, deposition exhibits,

15  interrogatory responses, responses to requests for admissions, responses to requests for

16  production of documents, and all other discovery obtained pursuant to the Federal Rules of

17  Civil Procedure by or from a party in connection with the Litigation.  As used herein, the

18  term "document" shall have the broadest meaning allow under Federal Rule of Evidence

19  1001 and the Federal Rules of Civil Procedure and shall include, without limitation, the

20  following items, whether printed, reproduced, stored (electronically or otherwise) or written

21  by hand, or recorded or created by any process, and whether or not claimed to be privileged

22  or otherwise excludable from discovery, namely: notes, correspondence, reports,

23  communications, telexes, telegrams, facsimiles, e-mails, electronically stored information,

24  computer data, computer discs, videotapes, magnetic tapes, memoranda, summaries or

25  records of telephone conversations, research reports, notebooks, charts, lists, schedules,

26  plans, proposals, drawings, photographs, diagrams, diaries, studies, evaluations, financial

27  analyses, worksheets, financial model spreadsheets, minutes or records of meetings

28  including directors' meetings and committee meetings, opinions or reports of consultants,

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1  agreements, contracts, reports or summaries of negotiations, court papers, administrative

2  agency papers, transcripts, press releases, radio tapes, story boards, recordings, and drafts

3  of documents.  The term document shall include all non-identical copies or version of any

4  of the above.

5            b.      The term "Producing Party" or "Disclosing Party" shall mean any party

6  or non-party that gives testimony or produces documents or other Discovery Material, to

7  any other party.

8            c.      The term "Receiving Party" shall refer to the parties to this action that

9  receive Discovery Material from a Producing Party.

10           d.      The term "Restricted Material"[1] shall mean any information that a party

11 believes in good faith to be confidential or sensitive information, including, but not limited

12 to, trade secrets, research, design, development, financial, technical, marketing, planning,

13 personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the

14 Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G)

15 or the former Rule 26(c)(7).

16       3.     **The Confidentiality and Common Interest Agreement in the Bankruptcy**

17 **Cases**: The parties hereby acknowledge the existence of the "Confidentiality and Common

18 Interest Agreement" and "Certificate Regarding Confidentiality and Common Interest

19 Agreement" that was entered into in connection with the Chapter 11 cases filed in the

20 United States Bankruptcy Court for the District of Delaware under the caption *In re*

21 *Freedom Communications Holdings, Inc., et al.*, Case No. 09-13046)(BLS) (the

22 "Bankruptcy Cases"), copies of which are attached hereto as Exhibit A.  The parties further

23 agree that any documents, information and/or things produced in this Litigation that were

24 produced   or   otherwise   obtained   in   the   Bankruptcy   Cases   and   designated   as

25

26       [1]      The term "Restricted" has been used instead of the more commonly used

27 "Confidential" in an effort to avoid confusion with respect to other materials produced
   and designated under the Confidentiality and Common Interest Agreement described in
28 Paragraph 3.

1  "CONFIDENTIAL INFORMATION," "PRIVILEGED INFORMATION" or

2  "CONFIDENTIAL AND PRIVILEGED INFORMATION" pursuant to Paragraph 6(a) of

3  the Confidentiality and Common Interest Agreement shall be governed by the terms of the

4  Confidentiality and Common Interest Agreement and further agree to be bound by the terms

5  of the Certificate Regarding Confidentiality and Common Interest Agreement, except where

6  such terms conflict with this Protective Order, and in those instances, if any, the terms of

7  this Protective Order shall prevail.

8      4.  **Designation of Material:** Any Producing Party may designate Discovery

9  Material that is in their possession, custody or control to be produced to a Receiving Party

10  as Restricted Material under the terms of this Order if the Producing Party in good faith

11  reasonably believes that such Discovery Material contains non-public, confidential material

12  as defined in section 2(c) above. The Producing Party must designate for protection only

13  those parts of the material, documents, items, or oral or written communications that

14  qualify, so that other portions of the material, documents, items, or communications for

15  which protection is unnecessary are not subject to the limitations that apply to Restricted

16  Material.

17      5.  **Exercise of Restraint and Care in Designating Material for Protection:**

18  Each party or non-party that designates Discovery Material for protection as Restricted

19  Material under this Order must take care to limit any such designation to specific Discovery

20  Material that qualifies under the appropriate standards. Mass, indiscriminate, or routine

21  designations are prohibited and may subject the Producing Party to sanctions.

22      a.  Designations that are shown to be clearly unjustified or that have been

23  made for an improper purpose (e.g., to unnecessarily encumber or delay the case

24  development process or to impose unnecessary expenses and burdens on other parties),

25  expose the Producing Party to sanctions.

26      b.  If it comes to a Producing Party's attention that Discovery Material that

27  it designated as Restricted Material did not qualify for protection, that Producing Party must

28  promptly notify all other Parties that it is withdrawing the mistaken designation. In such

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1  case, the Producing Party shall reproduce the Redesignated Discovery Material without the

2  "Restricted" legend as provided in paragraph 32 below.

3      6.      **Designating Restricted Material:** The designation of Discovery Material as

4  Restricted Material for purposes of this Order shall be made in the following manner:

5      a.      <u>Documents</u>: In the case of documents or other physical materials (apart

6  from  depositions or other pre-trial testimony), designation shall be made by affixing the

7  legend "Restricted" to each page containing any Restricted Material.

8      b.      <u>Deposition and Other Proceedings</u>: In the case of depositions or other

9  pre-trial testimony, designation of the portion of the transcript (including exhibits) that

10  contains Restricted Material shall be made (I) by a statement to such effect on the record

11  during the proceeding in which the testimony is received, or (ii) by written notice served on

12  counsel of record in this Litigation within thirty (30) business days after the receipt of the

13  draft transcript of such proceeding. However, before such thirty (30) day period expires, all

14  testimony, exhibits and transcripts of depositions or other testimony shall be treated as

15  Restricted Material. All portions of deposition transcripts not designated Restricted Material

16  shall be deemed not restricted.

17      c.      <u>Non-Written Materials</u>: Any non-written Restricted Material (e.g.,

18  videotape, audio tape, computer disk, etc.) may be designated as such by labeling the

19  outside of such non-written material designated as "Restricted."  However, any written

20  documents produced electronically (on CD or otherwise), shall affix the "Restricted" legend

21  on those pages of the electronic documents that are designated as Restricted Material as

22  required by paragraph 6(a) above.  In the event a Receiving Party generates any "hard copy"

23  transcription or printout from any designated non-written materials, the person who

24  generates such "hard copy" transcription shall take reasonable steps to maintain the

25  confidentiality of such materials and to affix a "Restricted" legend to the printout where

26  appropriate.

27

28

4      PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1       7.      **Inadvertent Disclosure:** The inadvertent failure to designate Discovery

2  Material as Restricted does not constitute a waiver of such claim and may be remedied by

3  prompt supplemental written notice upon discovery of the inadvertent disclosure, with the

4  effect that such Discovery Material will be subject to the protections of this Order.  The

5  Receiving Party shall exercise good faith efforts to ensure that copies it makes of Discovery

6  Material produced to it, and copies made by others who obtained such Discovery Material

7  directly or indirectly from the Receiving Party, include the appropriate "Restricted" legend,

8  to the same extent that the Discovery Material has been marked with the appropriate

9  "restricted" legend by the Producing Party.

10      8.      **Notes of Restricted Material:**   Any notes, lists, memoranda, indices,

11  compilations prepared or based on an examination of Restricted Material, that quote from

12  or paraphrase Restricted Material with such specificity that the Restricted Material can be

13  identified, or by reasonable logical extension can be identified, shall be accorded the same

14  status of confidentiality as the underlying Restricted Material from which they are made and

15  shall be subject to all of the terms of this Protective Order.

16      9.      **Notice To Non-Parties:** Any Party issuing a subpoena to a non-party shall

17  enclose a copy of this Protective Order with a request that, within ten (10) calendar days,

18  the non-party either request the protection of this Protective Order or notify the issuing party

19  that the non-party does not need the protection of this Protective Order or wishes to seek

20  different protection.  Any non-party who requests the protection of this Protective Order

21  shall complete and execute the "Agreement Concerning Information Covered by Protective

22  Order," attached hereto as Exhibit B.

23      10.     **Persons Authorized To Receive Restricted Material:** Discovery Material

24  designated "Restricted" may be disclosed, summarized, described, characterized or

25  otherwise communicated or made available in whole or in part only to the following

26  persons:

27

28

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1         a.     The Court, persons employed by the Court who are necessary for the

2 handling of the Litigation, and court reporters transcribing the testimony or argument at a

3 hearing, trial or deposition in this Litigation or any appeal there from;

4         b.     Counsel of record in this Litigation, as well as paralegals, technical,

5 administrative and clerical employees working under the direct supervision of such counsel;

6         c.     Experts or consultants assisting any counsel of record in this Litigation,

7 provided such experts and consultants have completed and signed the "Agreement

8 Concerning Information Covered by Protective Order" attached hereto as Exhibit B;

9         d.     Individual named parties who have a need to know such information for

10 purposes of this Litigation and who have completed and signed the "Agreement Concerning

11 Information Covered by Protective Order" attached hereto as Exhibit B;

12        e.     Officers, directors or employees of parties who have a need to know

13 such information for purposes of this Litigation and who have completed and signed the

14 "Agreement Concerning Information Covered by Protective Order" attached hereto as

15 Exhibit B;

16        f.     Graphics, translation, or design services retained by counsel of record

17 in this Litigation for purposes of this Litigation, provided such services have completed and

18 signed the "Agreement Concerning Information Covered by Protective Order" attached

19 hereto as Exhibit B.  A signature by an authorized representative of the company who

20 confirms that he or she has appropriately advised the relevant employees of the

21 confidentiality obligations in this order and taken reasonable steps to comply thereto shall

22 be sufficient;

23        g.     Commercial copy vendors retained by counsel of record in this action

24 for purposes of this Litigation, provided such vendors have completed and signed the

25 "Agreement Concerning Information Covered by Protective Order" attached hereto as

26 Exhibit B. A signature by an authorized representative of the company who confirms that

27 he or she has appropriately advised the relevant employees of the confidentiality obligations

28 in this order and taken reasonable steps to comply thereto shall be sufficient;

h.      During their depositions, witnesses in the Litigation who agree on the record to maintain the confidentiality of relevant documents or information shown to them or who have completed and signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit B (except that persons described in sub-paragraph (i) below do not need to sign Exhibit B to be shown Restricted Material in their depositions). In the event of refusal of the witness to execute such confidentiality agreement, such witness shall nevertheless be deemed bound by the terms of this Order; furthermore the party or parties seeking to use such information and the Producing Party will secure from a court having jurisdiction over the witness an order directed to the witness containing such provisions as are consistent with the terms of this Order; and the Producing Party will cooperate fully in the making of any such application;

i.      Any person indicated by a document marked as Restricted Material to be an author, addressee, or copy recipient of the Restricted Material, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Restricted Material; and

j.      Any other person, only upon order of the Court or upon stipulation of the Producing Party who has completed and signed the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit B.

11.    **Outside Experts and Consultants:** Restricted Material may be provided to experts or consultants only for the purpose of aiding, assisting, or allowing such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel for a party in this Litigation.

a**.**      Open & Privileged Communications Between IP Experts:  To facilitate discovery and avoid unnecessary judicial intervention, the Parties agree that their respective information technology experts/consultants shall be permitted to communicate amongst themselves, without breaching the terms of this Stipulation, in order to resolve any technical or logistical issues regarding the production of Restricted Material.  Any such discussions

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1  are deemed privileged under Evidence Code section 1119 and any Federal law counterpart

2  and shall not be admissible for any purpose in this or any other litigation.

3          12.   **Use of Discovery Material:** Discovery Material containing Restricted Material

4  shall be used solely for purposes of the Litigation, including any appeal and retrial.  Any

5  person or entity in possession of Discovery Material designated "Restricted" shall maintain

6  those materials in accordance with Paragraph 15 below.

7          13.   **Agreement Must Be Signed Prior To Disclosure:** Each person to whom

8  Restricted Material may be disclosed that is also required to complete and sign the

9  "Agreement Concerning Information Covered by Protective Order" (attached hereto as

10 Exhibit B) pursuant to Paragraphs 10(c)-10(h) and 10(j) shall do so prior to the time such

11 Material is disclosed to him or her.

12         14.   **Exclusion of Individuals From Depositions:** Counsel for any Producing Party

13 shall have the right to exclude from depositions any person who is not authorized by this

14 Order to receive documents or information designated Restricted, but only during periods

15 of examination or testimony directed to or comprising information that is Restricted.

16         15.   **Storage Of Restricted Material:** The recipient of any Restricted Material that

17 is provided under this Protective Order shall maintain such information in a reasonably

18 secure and safe manner that ensures that access is limited to the persons authorized under

19 this Order.

20         16.   **Filing of Restricted Material:** Without written permission from the Producing

21 Party or a court order, a party may not file in the public record in this action any Restricted

22 Material. The parties shall comply with Local Rule 79-5 when seeking to file Restricted

23 Material under seal.

24         The party desiring to place any Restricted Material before the Court shall lodge the

25 information in a sealed envelope along with an application to file the papers or the portion

26 thereof containing Restricted Material under seal and a copy of a Proposed Order Sealing

27 Documents.  Said envelope shall be endorsed with the title of the Litigation, an indication

28 of the nature of the contents of such sealed envelope, the identity of the party filing the

1 materials, the phrase "Restricted Material," and a statement substantially in the following

2 form:

3        THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A

4        PROTECTIVE ORDER ENTERED IN THIS LITIGATION ON

5        [date entered].  IT IS NOT TO BE OPENED NOR ARE ITS

6        CONTENTS TO BE DISPLAYED, REVEALED, OR MADE

7        PUBLIC, EXCEPT BY ORDER OF THE COURT. UNLESS

8        THE COURT ORDERS THAT IT NOT BE FILED, IT SHALL

9        BE FILED UNDER SEAL.

10 Additionally, within seven (7) days from the date that the papers (or portions thereof) were

11 filed under seal consistent with the above procedures, the party who filed the papers under

12 seal also shall file in the public record a version of the papers that has been redacted to omit

13 the Restricted Material (or any references thereto).

14        The parties shall also comply with Local Rule 79-5.4 with respect to the appropriate

15 treatment of personal identifier information in connection with any filing with the Court.

16        17.   **No Prejudice:** Agreeing to be bound by this Protective Order, agreeing to

17 and/or producing or receiving Restricted Material or otherwise complying with the terms

18 of this Order shall not:

19        a.     Prejudice in any way the rights of the parties to object to the production

20 of documents they consider not subject to discovery, or operate as an admission by any

21 party that the restrictions and procedures set forth herein constitute adequate protection for

22 any particular information deemed by any party to be Restricted Material;

23        b.     Prejudice in any way the rights of any party to object to the authenticity

24 or admissibility into evidence of any document, testimony or other evidence subject to this

25 Order;

26        c.     Prejudice in any way the rights of a party to seek a determination by the

27 Court whether any Restricted Material should be subject to the terms of this Order;

28

1          d.          Prejudice in any way the rights of a party to petition the Court for a

2   protective order relating to any purportedly Restricted Material; or

3          e.          Prevent a Disclosing Party from authorizing disclosure of its own

4   Restricted Material to any party.

5          18.          **Challenging Designation of Materials:** A party shall not be obligated to

6   challenge the propriety of a Restricted Material designation at the time made, and failure

7   to do so shall not preclude a subsequent challenge thereto during the pendency of this

8   Litigation.

9          a.          Challenge:   The Receiving Party may challenge the propriety of a

10  Restricted Material designation by providing to Producing Party a writing which briefly: (I)

11  identifies with reasonable particularity the documents and/or information which are the

12  subject of the challenge; and (ii) describes the basic legal or factual grounds for the

13  challenge.

14          b.          Meet and Confer and Motion: Once a challenge is made, the Producing

15  Party will bear the burden of initiating and conducting a sufficient meet and confer (per

16  Local Rule 37-1); and, if necessary, Producing Party will bear the burdens of proof and

17  persuasion in moving for a Protective Order (per Local Rule 37-2), to uphold the challenged

18  Restricted Material designation(s).  If the Producing Party does not initiate the discovery

19  motion process under Local Rule 37 within ninety (90) days of a challenge, the subject

20  Restricted Material designation is effectively withdrawn and the subject documents and

21  material may be used for all purposes in this Litigation.  The Receiving Party must make

22  re-designation requests in good faith.   Mass, indiscriminate, or routine requests for

23  re-designation are prohibited.

24          c.          Status of Challenged Designation Pending Judicial Determination: Until

25  the court rules on the timely filed Motion for Protective Order, all parties shall continue to

26  afford the material in question the level of protection to which it is entitled under the

27  Producing Party's designation.

28          19.          **No Application to Public or Otherwise Available Information:** This Order

1  shall not limit or restrict a Receiving Party's use of information that the Receiving Party can

2  demonstrate:  (I) was lawfully in the Receiving Party's possession prior to such information

3  being designated as Restricted Material in the Litigation and that the Receiving Party is not

4  otherwise obligated to treat as confidential; (ii) was obtained without any benefit or use of

5  Restricted Material from a third party having the right to disclose such information to the

6  Receiving Party without restriction or obligation of confidentiality; (iii) was independently

7  developed by the Receiving Party after the time of disclosure by personnel who did not have

8  access to the Producing Party's Restricted Material; or (iv) has been published to the general

9  public.  If the Receiving Party believes that the Disclosing Party has designated information

10  that is covered by any of the preceding categories as Restricted Material, the Receiving

11  Party shall challenge the propriety of such designation using the procedure outlined in

12  paragraph 18 above. Any challenged designation remains in force until the propriety of such

13  designation has been decided as outlined above.

14       20.    **No Waiver of Privilege:** Disclosure (including production) of information that

15  a party or non-party later claims should not have been disclosed because of a privilege,

16  including, but not limited to, the attorney-client privilege or work product doctrine

17  ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of

18  attorney-client privilege, attorney work-product, or other ground for withholding production

19  as to which the Producing Party would be entitled in the litigation or any other federal or

20  state proceeding.  This Order is intended to provide the full protection afforded by Federal

21  Rule of Evidence 502(d), providing that "A Federal court may order that the privilege or

22  protection is not waived by disclosure connected with the litigation pending before the court

23  - in which event the disclosure also is not a waiver in any other Federal or State

24  proceeding."  Upon discovery by a Producing Party (or upon receipt of notice from another

25  Party) that he/she/it may have produced Privileged Information, the Producing Party shall,

26  within ten (10) days of such discovery, request the return of such information in writing by

27  identifying the Privileged Information and stating the basis on which the Privileged

28  Information should be withheld from production.  After being notified, all other Parties

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1  must promptly return, sequester, or destroy the Privileged Information and any copies

2  he/she/it has; must not use or disclose the information until the claim is resolved; and must

3  take reasonable steps to retrieve the Privileged Information if he/she/it disclosed the

4  Privileged Information before being notified.  If any Party disputes the privilege claim

5  ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and

6  the basis therefore in writing within fifteen (15) days of receipt of the request for the return

7  of the Privileged Information.  The Parties thereafter shall meet and confer in good faith

8  regarding the disputed claim within fifteen (15) days. In the event that the Parties do not

9  resolve their dispute, either Party may bring a motion for a determination of whether a

10  privilege applies.  If such a motion is made, the Producing Party shall submit to the Court

11  for in camera review under seal a copy of the disputed information in connection with its

12  motion papers. The submission to the Court shall not constitute a waiver of any privilege

13  or protection. The Objecting and/or Receiving Party must preserve the information claimed

14  to be privileged or otherwise protected and treat the information as Restricted Material until

15  the claim is resolved.

16  Except as expressly set forth herein, nothing in this provision shall limit the bases on

17  which the Objecting Party may challenge the assertion of any privilege or protection by the

18  Producing Party.  In addition, nothing in this provision shall permit the Producing Party to

19  seek to withhold or "claw back" a previously-produced document in this Litigation if that

20  document was the subject of deposition testimony in this Litigation and the Producing Party

21  did not provide notice, as described above in paragraph 5(b), within thirty (30) days after

22  the deposition that the document was privileged or protected and should be returned.

23  21.  **Additional Parties or Attorneys:** In the event additional parties join or

24  intervene in this action, the newly joined party(ies) shall not have access to Restricted

25  Material until its counsel has executed and, at the request of any party, filed with the Court

26  its agreement to be fully bound by this Order.  If any additional attorneys make appearances

27  in this Litigation, those attorneys shall not have access to Restricted Material until they

28

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

complete and execute the "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit B.

22.   **Protective Order Remains In Force:** This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered, or agreed upon by the parties, this Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

23.   **No Prejudice For Further Relief:** This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

24.   **No Waiver of Grounds For Producing Material:** This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

25.   **Conclusion of Litigation:** Within ninety (90) days after receiving notice of the entry of an order, judgment or decree finally disposing of this Litigation, including all appeals, all persons having received Restricted Material shall either return such material and all copies thereof to counsel for the Producing Party, or destroy all such Restricted Material and, in either case, certify that fact to counsel for the Producing Party.  Counsel of record shall make arrangements for the return of Restricted Material that counsel of record provided to any persons or entities in paragraph 10, except the Court, court personnel and court reporters.  Outside counsel of record for the parties shall be entitled to retain court papers, depositions, trial transcripts and attorney work product, provided that such outside counsel of record shall not disclose Restricted Material to any person except pursuant to a court order or agreement with the party that produced the Restricted Material.  All material

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1 returned to the parties or their counsel by the Court shall likewise be disposed of in
2 accordance with this paragraph.

3       26. **No Loss of Restricted Status By Use In Litigation or Appeal:** In the event
4 that any Restricted Material is used in any court proceeding in this Litigation or any appeal
5 therefrom, such Restricted Material shall not lose its status as Restricted through such use.
6 Counsel shall comply with all applicable local rules and shall confer on such procedures that
7 are necessary to protect the confidentially of any documents, information and transcripts
8 used in the course of any court proceedings, including petitioning the Court to close the
9 court room.

10       27. **Protected Material Subpoenaed or Ordered Produced in Other Actions:**
11 If any person receiving documents covered by this Order (the "Receiver") is served with a
12 subpoena, order, interrogatory, or document or civil investigative demand (collectively, a
13 "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks
14 Discovery Material that was produced or designated as Restricted Material by someone
15 other than the Receiver, the Receiver shall give prompt written notice by hand or facsimile
16 transmission within ten (10) business days of receipt of such Demand to the person, party,
17 or third party who produced or designated the material as Restricted Material, and shall
18 object to the production of such materials on the grounds of the existence of this Order.  The
19 burden of opposing the enforcement of the Demand shall fall upon the party who produced
20 or designated the material as Restricted Material.  Unless the person, party, or third party
21 who produced or designated the Restricted Material obtains an order directing that the
22 Demand not be complied with, and serves such order upon the Receiver prior to production
23 pursuant to the Demand, the Receiver shall be permitted to produce documents responsive
24 to the Demand on the Demand response date. Compliance by the Receiver with any order
25 directing production pursuant to the Demand of any Restricted Material shall not constitute
26 a violation of this Order.  Nothing in this Order shall be construed as authorizing a party to
27 disobey a lawful subpoena or order issued in another action.

28

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

28. **Advice Based on Discovery Material Allowed:** Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this litigation and, in the course of rendering advice, referring to or relying generally on the examination of Restricted Material; provided, however, that in rendering such advice and in otherwise communicating with his client, the attorney shall not disclose the contents of any Restricted Material produced by another party if that disclosure would be contrary to the terms of this Protective Order.

29. **Redaction Allowed:** Any Producing Party may redact from the documents and things it produced matter that the Producing Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege or immunity. The Producing Party shall mark each thing where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Producing Party shall preserve an unredacted version of each such document.

30. **Violations of Protective Order:** In the event that any person or party should violate the terms of this Protective Order, the aggrieved Disclosing Party should apply to the Court to obtain relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Disclosing Party seeks injunctive relief, it must petition the District Judge for such relief, which may be granted at the sole discretion of the District Judge. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION

1       31.    **Collection and Service of Executed Agreements Concerning Information**

2 **Covered by Protective Order:** Each party is responsible for obtaining all Agreements

3 Concerning Information Covered by Protective Order (Exhibit B) that were executed by

4 anyone affiliated with that party as well as any Agreements Concerning Information

5 Covered by Protective Order (Exhibit B), that are executed and in that parties possession.

6 Any party required to obtain and serve an Agreement Concerning Information Covered by

7 Protective Order (Exhibit B) shall serve it within seven (7) days of execution by anyone

8 affiliated with the party and within seven (7) days of receipt of an executed Exhibit B from

9 anyone else  who is not affiliated with the party if such Exhibit B has not yet been served

10 on all other parties.

11       32.    **Removal of "Restricted" Legend for Redesignated Discovery Materials**:

12 If any Discovery Materials that are produced with a "Restricted" legend are redesignated

13 as not Restricted Material by the Producing Party, by operation of this Order or by a

14 court order determining that the designation was improper, within twenty-one (21) days

15 from the date of redesignation by the Producing Party, receipt of notice from any other

16 party identifying the documents and advising the documents were redesignated by

17 operation of this Order or the entry of the Court's order finding that a Restricted

18 Material designation was improper, the Producing Party shall re-produce the subject

19 Discovery Material to all other parties without the "Restricted" legend.  In the interim,

20 any other party can redact or otherwise remove the "Restricted" legend from the

21 redesignated documents and use them as if they had not been designated as Restricted

22 Material.  In the event that the Producing Party fails to re-produce the redesignated

23 Discovery Material without the "Restricted" legend within twenty one (21) days from

24 the dates identified above, and does so without good cause, any other party may redact

25 or otherwise remove the "Restricted" legend from the subject Discovery Material, use

26 the Discovery Material as if it were never designated as Restricted Material and may file

27 a motion seeking sanctions against the Producing Party for any costs and/or attorney's

28

1  fees incurred in connection with the removal of the "Restricted" legend from the

2  Discovery Material at issue as well as in connection with said motion.

3        33.    **Headings:**    The headings herein are provided only for the convenience of

4  the parties, and are not intended to define or limit the scope of the express terms of this

5  Protective Order.

6

7  **IT IS SO ORDERED.**

8

9  Dated: September 21, 2010

10  _____

11  MARC L. GOLDMAN
    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION