| | |
|---|---|
| 1 | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |
| | Harvey I. Saferstein (SBN: 49750) |
| 2 | Nada I. Shamonki (SBN: 205359) |
| | 2029 Century Park East, Suite 1370 |
| 3 | Los Angeles, California 90067 |
| | Phone: 310.586.3200 |
| 4 | Fax: 310.586.3202 |
| | hsaferstein@mintz.com; nshamonki@mintz.com |
| 5 | |
| | MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C. |
| 6 | Robert I. Bodian (*Admitted Pro Hac Vice*) |
| | Francis J. Earley (*Admitted Pro Hac Vice*) |
| 7 | Narges M. Kakalia (*Admitted Pro Hac Vice*) |
| | 666 Third Avenue |
| 8 | New York, NY 10017 |
| | Phone: 212-935-3000 |
| 9 | Fax: 212-983-3115 |
| | rbodian@mintz.com; fearley@mintz.com; nkakalia@mintz.com |
| 10 | Attorneys for Defendants |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| JAMES SKORHEIM, as Litigation Trustee for the FCH Litigation Trust, | Case No. SACV10-789 AG (MLGx) |
| Plaintiff, | **DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER GRANTING A CONTINUANCE OF TRIAL DATE AND RELATED CASE DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES** |
| vs. | |
| SCOTT N. FLANDERS, an individual; THOMAS W. BASSETT, an individual; WILLIAM F. BAKER, an individual; RAYMOND C.H. BRYAN, an individual; ROBIN J. HARDIE, an individual; BURL OSBORNE, an individual; DAVID M. TOLLEY, an individual; MICHAEL J. DOMINGUEZ, an individual; MARK J. MASIELLO, an individual; DAVID D. THRESHIE, an individual; MARK T. GALLOGLY, an individual; JILL A. GREENTHAL, an individual; JAMES J. SPANFELLER, an individual; CHRIS PHILIBBOSIAN, an individual; GREGORY J. WALLACE, an individual; and DOES 1 through 25, inclusive, | **DECLARATIONS OF FRANCIS J. EARLEY AND NARGES M. KAKALIA IN SUPPORT FILED CONCURRENTLY** |
| | Honorable Andrew J. Guilford |
| | Courtroom 10D |
| Defendants. | |

1       Defendants Scott N. Flanders, Thomas W. Bassett, William F. Baker, Raymond C.H. Bryan, Robin J. Hardie, Burl Osborne, David M. Tolley, Michael J. Dominguez, Mark J. Masiello, David D. Threshie, Mark T. Gallogly, Jill A. Greenthal, James J. Spanfeller, Chris Philibbosian, and Gregory J. Wallace (collectively "Defendants") hereby apply to the Court *ex parte* for an order continuing the trial date (currently May 15, 2012), the final pretrial conference date (currently April 30, 2012), the discovery cut-off (February 14, 2012), and all case related deadlines (except the deadline to conduct a final settlement conference, which the parties believe can be accomplished by the current date of February 14, 2012) by approximately forty-five days ( the "Application").  Notice of this Application was given to Plaintiff's counsel in writing on Monday, December 19, 2011.  That same day, Plaintiff's counsel stated in writing that Plaintiff would oppose Defendants' Application.

Good cause exists for granting this Application because:

(a)     Despite the parties' best efforts and diligent attempts to complete discovery in the case and meet the current case deadlines, because of the voluminous nature of the documents and the large number of witnesses in this action, Defendants anticipate that discovery, expert disclosures, and trial preparation cannot be completed under the current case schedule.  Discovery has consisted of the production of over 6.3 million pages of documents and the depositions of four party and non-party witnesses (with 17 more depositions pending that must be taken before the close of discovery).  Significant discovery is still pending and there is only a limited number of days in which to complete it.

(b)     Based on the current schedule, expert discovery must also be completed by the discovery cut-off of February 14, 2012.  The current deadline to designate expert witnesses is January 16, 2012, less than a month away.  The current schedule would require the parties to make their expert disclosures prior to the parties receiving all relevant information from non-parties that have yet to

comply—or fully comply—with outstanding subpoenas. Under the current schedule, in order to preserve Defendants' rights and defenses, Defendants will likely have to make premature expert disclosures without the benefit of reviewing relevant documents and testimony that have yet to be produced, and which will likely bear directly on any potential expert testimony.

(c) Active motion practice at the beginning of the case and medical emergencies affecting counsel for both parties have resulted in case delays that have further impeding the parties' ability to meet the current case deadlines.

(d) When the parties met and conferred on Thursday, December 15, 2011 and Monday, December 19, 2011 regarding continuing the discovery cut-off, final pre-trial conference, trial date and related case deadlines, Plaintiff's counsel would not agree to Defendants' request for a reasonable continuance of any dates except those involving expert disclosures.

(e) Neither Plaintiff nor the Court will be prejudiced by a short extension of the trial date and related case deadlines. With the complexity of this case and the voluminous discovery involved, forcing Defendants to adhere to the current timetable would undermine and unfairly prejudice Defendants' position.

(f) Defendants' request for a short continuance of the trial date and related case deadlines is not made for any improper purpose.

(g) Defendants' case will be irreparably prejudiced if the Application is heard according to regular noticed motion procedures because of the immediacy of the current case deadlines. Thus, Defendants had no choice but to seek relief on an *ex parte* basis.

///
///
///
///
///

In support of this Application, Defendants have filed herein a Memorandum of Points and Authorities, supporting Declarations of Francis J. Earley and Narges M. Kakalia, and a proposed Order.

Dated: December 19, 2011        Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

_____
Harvey I. Saferstein
Nada I. Shamonki

*Attorneys for Defendants*
*Scott N. Flanders, Thomas W. Bassett, William F. Baker, Raymond C.H. Bryan, Robin J. Hardie, Burl Osborne, David M. Tolley, Michael J. Dominguez, Mark J. Masiello, David D. Threshie, Mark T. Gallogly, Jill A. Greenthal, James J. Spanfeller, Chris Philibbosian, and Gregory J. Wallace*

# MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Local Rule 7-19, Defendants Scott N. Flanders, Thomas W. Bassett, William F. Baker, Raymond C.H. Bryan, Robin J. Hardie, Burl Osborne, David M. Tolley, Michael J. Dominguez, Mark J. Masiello, David D. Threshie, Mark T. Gallogly, Jill A. Greenthal, James J. Spanfeller, Chris Philibbosian, and Gregory J. Wallace (collectively "Defendants") respectfully request that this Court enter an order continuing the discovery cut-off, final pre-trial conference, trial date and related case deadlines.

## FACTS

**Brief Procedural History**

On May 5, 2010, Plaintiff filed his original complaint in the Superior Court of California, County of Orange. Earley Decl., ¶ 5. At the outset of the case, the parties engaged in significant motion practice. *Id*., ¶ 6. On May 7, 2010, Plaintiff filed an abstention motion in the Delaware Bankruptcy Court. *Id*., ¶ 7. On June 7, 2010, Defendants removed the case to this Court. *Id*., ¶ 8. On June 25, 2010, Defendants filed a motion to transfer venue to the Delaware Bankruptcy Court. That same day, Plaintiff filed a motion to remand the action to the Superior Court. *Id*., ¶ 9.

On July 9, 2010, the Delaware Bankruptcy Court granted Plaintiff's abstention motion. *Id*., ¶ 10. In response to the ruling from the Delaware Bankruptcy Court, Defendants withdrew their motion to transfer venue on July 12, 2010. *Id*., ¶ 10.

On August 6, 2010, Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Id*., ¶ 11. On August 12, 2010, this Court denied Plaintiff's motion to remand. *Id*., ¶ 12. On August 23, 2010, the parties appeared before this Court for the Scheduling Conference pursuant to Fed. R. Civ. Pr. 16. *Id*., ¶ 13. On February 22, 2011, six month after Defendants filed their motion to dismiss, this Court granted it in part and denied it in part. *Id*., ¶ 14. On March 8, 2011, Plaintiff filed a First Amended Complaint. *Id*., ¶ 15.

**Document Discovery**

Discovery in this action began almost six months after Plaintiff filed his original complaint. Discovery has consisted in the production of over 6.2 million pages of documents and the depositions of multiple party and non-party witnesses. *Id.*, ¶ 16. On January 3, 2011, Plaintiff served his first production of documents. *Id.*, ¶ 17. Plaintiff's production continued over the next few months and contained over 5.6 million pages of documents. *Id.*, ¶ 17.

There were numerous problems with Plaintiff's document productions: first, the documents were produced in many different formats. *Id.*, ¶ 18. As a result, Defendants had to obtain and utilize a number of different software in order to upload and review the documents. This process was both expensive and time-consuming. Second, there were hundreds of thousands of pages of duplicates, redundant documents, and non-responsive material. *Id.*, ¶ 18.

During the same period of time, Defendants produced almost 104,000 pages of documents. *Id.*, ¶ 19. Over the course of the last few months, Plaintiff also has served subpoenas on seven non-parties. *Id.*, ¶ 20. Some of those non-parties have produced all responsive documents; others are in the process of completing their document productions; still others have not yet begun producing documents (one non-party, Bond & Pecaro, was subpoenaed very recently on December 12, 2011); and non-parties Blackstone and Providence are awaiting a judicial determination in connection with Plaintiff's motion to compel their productions. Thus, while non-party document discovery is still very much in flux, non-parties have produced approximately 582,000 pages of documents to date. *Id.*, ¶ 20.

In total, there have been over 6.3 million pages of documents produced in this case (and the parties are still awaiting the production of documents from certain non-parties subpoenaed by Plaintiff). *Id.*, ¶ 21. Due the tremendous size of the productions in this matter, Defendants hired an electronic discovery vendor to handle the initial review of the document production of Plaintiff and the non-parties. *Id.*, ¶

22. The vendor took over four months to perform the initial review of Plaintiff's production, despite employing 25-30 attorneys for the review. The vendor also has conducted initial reviews of the non-parties' documents when the non-parties have produced documents in response to subpoenas. *Id.*, ¶ 22.

Once the initial review was completed by the electronic discovery vendor, attorneys from the Mintz Levin team who are working on this case began a more detailed review of the over 6.2 million pages of documents. *Id.*, ¶ 23. Mintz Levin has 4 attorneys engaged in the more detailed review of the over 6.2 million pages of documents. *Id.*, ¶ 23.

**Party And Non-Party Depositions**

This action has necessitated numerous depositions that have taken place—and will take place—all over the country. *Id.*, ¶ 24. To date, Plaintiff has taken five party depositions and one non-party deposition. *Id.*, ¶ 25. The depositions that Plaintiff has not been able to complete in one day have necessitated that counsel and the parties reschedule and often travel back to the location of the original deposition to complete the second day of deposition. *Id.*, ¶ 25.

Notwithstanding the depositions completed thus far, the parties have scheduled eleven depositions for January and February 2012 at various locations all over the country. *Id.*, ¶26. Additionally, the parties have yet to schedule the depositions of two parties and at least four non-parties, but under the current schedule, those depositions must also occur before the February 14, 2012 discovery cut-off. *Id.*, ¶ 27. In addition to the depositions that still need to be completed, Defendants have to respond to thirty six separate sets of discovery requests that Plaintiff served on December 15, 2011. *Id.*, ¶ 30.

Under the current schedule, expert disclosures must also be completed on or before February 14, 2012. *Id.*, ¶ 29. Thus, simultaneous with completing the review of the document production and taking the scheduled and unscheduled depositions, the parties will each have at least two to three expert reports to complete during the

same timeframe. The parties' completion of expert disclosures is particularly complicated by the fact that neither document nor deposition discovery has been completed. Moreover, some of the outstanding documents and testimony are directly relevant to the subject of the experts' reports. *Id*., ¶ 29.

### Personal And Other Matters That Have Delayed Discovery

Personal and other matter have also delayed discovery in the action. Three depositions that were scheduled to take place in August 2011 were adjourned to the months of September and October 2011 because of a medical emergency relating to Plaintiff's counsel's family. *Id*., ¶ 31. More recently, deposition dates had to be adjourned again because of medical emergencies affecting the family of Defendants' counsel. *Id*., ¶¶ 32-33.

Additionally, from January 5, 2012 through January 24, 2012, three key members of Mintz Levin's Freedom team will be preparing for and/or attending an international arbitration hearing in London, England. *Id*., ¶ 34. Thus, during a significant period in January 2012, approximately half of the Mintz Levin attorneys representing Defendants will be unavailable to work on the case. *Id*., ¶ 34.

### Necessity For *Ex-Parte* Application

Defendants do not believe that it is possible to complete all fact depositions and expert disclosures within the current schedule. *Id*., ¶ 38. Furthermore, Defendants do not believe it would be possible to prepare for the conference pursuant to Local Rule 16, draft summary judgment motions or cross-motions, and be ready for trial in the very short time-frame between the proposed close of discovery on February 14, 2012 and the current trial date of May 15, 2012. *Id*., ¶ 38.

When the parties met and conferred on December 15 and 19 regarding continuing the dates in the case, Plaintiff indicated that he was amenable to extending the dates for expert disclosures. However, Plaintiff refused to extend the dates for the general fact discovery cut-off, the final pre-trial conference and related due date of the pre-trial disclosures, trial date and corresponding deadlines. *Id*., ¶ 35; Kakalia

Decl., ¶¶ 3, 6 and 10.

Plaintiff took this position despite the fact that at the outset of the action—before any motion practice or case delays occurred—Plaintiff was well aware that the case was complex and was likely to take more than twenty-four months before it was completed. *Id.*, ¶ 36. On May 26, 2010, the Superior Court issued a Minute Order wherein it deemed the case "Complex" (presumably at Plaintiff's request when he filed his original complaint) and stated that the "case [was] exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months…." *Id.*, ¶ 36. Under the current case deadlines, the trial in this case is scheduled to begin on May 15, 2012, approximately twenty-four months after Plaintiff filed his original complaint. *Id.*, ¶ 37. Defendants' believe Plaintiff's position is unreasonable in light of the complexity of the action, the voluminous nature of the documents and witnesses, and the reality that significant delays have interfered with this case proceeding smoothly to trial. *Id.*, ¶ 39. For that reason, Defendants have sought relief from the Court.

## ARGUMENT

The basis for *ex parte* applications must generally comport with *Mission Power Eng. Co. v. Continental Casualty Co.*, 883 F. Supp. 488 (C.D. Cal. 1995). To do so, Defendants must establish prejudice from a regularly noticed motion without fault of Defendants, and a likelihood of prevailing on its underlying motion, both of which are inverse requirements. *Id.* at 492.

Good cause exists for bringing this Application on an *ex parte* basis because of the immediacy of the case deadlines. Defendants would have been severely prejudiced if they sought relief through a regularly noticed motion. A regularly noticed motion, which likely could not have been heard for at least 30 days, would not have been sufficient to continue the most immediate deadlines such as the January 16, 2012 date to exchange expert disclosures and the February 14, 2012 fact

and expert discovery cut-off. Moreover, Defendants are without fault in creating the crisis. As soon as it became apparent to Defendants that the current deadlines could not be timely met, Defendants immediately met and conferred with Plaintiff regarding the requested extension and, immediately thereafter, filed this Application.

Defendants are seeking a brief 45-day extension of the current discovery cutoff of February 14, 2012, final pretrial conference date of April 30, 2012, trial date of May 15, 2012, and all respective dates that run from those deadlines. Good cause exists to grant Defendants' Application for the following reasons.

*First*, this action is extremely complex and Plaintiff has known from the outset that even under the best of circumstances, the case was unlikely to be completed within 24 months. Active motion practice at the beginning of the case and medical emergencies affecting counsel for both parties have resulted in case delays that have impeded the parties' ability to meet the current case deadlines. Thus, the current trial date of May 15, 2012, which is approximately 24 months after Plaintiff filed his case, does not provide Defendants with adequate time to complete fact and expert discovery in this action, draft and file summary judgment motions, prepare the pre-trial disclosures, and prepare for trial.

*Second*, despite the parties' best efforts, fact discovery is unlikely to be completed before the February 14, 2012 discovery cut-off. The action requires the depositions of all 16 parties and at least 6 non-parties. Moreover, because of the complexity of the issues and transactions relating to the dispute, document discovery in this action has consisted of the production of over 6.3 million pages of documents. Thus, the amount of discovery involved has been extremely voluminous and very time-consuming to review and complete. Nonetheless, the parties have made every effort to complete the discovery in a timely fashion but the reality remains that despite those efforts, document production is not yet completed and several depositions have yet to be scheduled.

*Third*, because document production and depositions have not been completed, under the current schedule, in order for Defendants to preserve their rights and defenses, they will likely have to prematurely disclose experts. This premature disclosure will severely prejudice Defendants because their experts will not have the benefit of having all relevant documents and testimony available for their review before they proffer their expert opinions.

*Fourth*, based on Defendants' estimates and the already rigorous deposition and travel schedule, the outstanding, unscheduled depositions and document productions are unlikely to be timely completed under the current deadlines. Thus, Defendants are seeking an extension of dates now, rather than mere days before the close of discovery when it is likely Plaintiff will finally recognize that the outstanding discovery cannot be completed under the current schedule.

*Finally*, neither Plaintiff nor the Court will be prejudiced by a short extension of the trial date and related case deadlines. With the complexity of this case and the voluminous discovery involved, forcing Defendants to adhere to the current timetable would undermine and unfairly prejudice Defendants' position. Additionally, Defendants' request for a short continuance of the trial date and related case deadlines is not made for any improper purpose.

Defendants respectfully request that the Court continue the trial date (currently May 15, 2012), the final pretrial conference date (currently April 30, 2012), the discovery cut-off (February 14, 2012), and all case related deadlines (except the deadline to conduct a final settlement conference, which the parties believe can be accomplished by the current date of February 14, 2012) by approximately 45 days.

Specifically, Defendants respectfully request that

    a. The trial date, currently May 15, 2012 at 9:00 a.m., be continued to July 2, 2012 at 9:00 a.m., or any other date convenient to the Court.

    b. The final pre-trial conference date, currently April 30, 2012 at 8:30 a.m., be continued to June 14, 2012 at 8:30 a.m., or any other date

convenient to the Court; and

c. The discovery cut-off date, currently February 14, 2012, be continued to March 30, 2012, or to a date convenient to the Court.

Alternatively, if the Court is not amenable to continuing the trial date, final pretrial conference date and discovery cut-off, Defendants respectfully request that the Court continue the expert disclosure deadlines by 30 day so that the expert discovery cut-off, currently February 14, 2012 is continued to March 15, 2012.

## CONCLUSION

Based on the foregoing, Defendants respectfully request that this Court grant their Application for an order continuing the discovery cut-off, final pre-trial conference, trial date and all related case deadlines by 45 days.

Dated:  December 19, 2011                     Respectfully submitted,

MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, PC

_____
Harvey I. Saferstein
Nada I. Shamonki

*Attorneys for Defendants*
*Scott N. Flanders, Thomas W. Bassett, William F. Baker, Raymond C.H. Bryan, Robin J. Hardie, Burl Osborne, David M. Tolley, Michael J. Dominguez, Mark J. Masiello, David D. Threshie, Mark T. Gallogly, Jill A. Greenthal, James J. Spanfeller, Chris Philibbosian, and Gregory J. Wallace*

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 1370, Los Angeles, California 90067.

I hereby certify that on December 19, 2011, I electronically filed the

**DEFENDANTS' EX PARTE APPLICATION FOR AN ORDER GRANTING A CONTINUANCE OF TRIAL DATE AND RELATED CASE DEADLINES; MEMORANDUM OF POINTS AND AUTHORITIES**

with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following CM/ECF registered parties:

| | |
|---|---|
| Daniel J. Callahan<br>Brian J. McCormack<br>David J. Darnell<br>Evan W. Granowitz<br>CALLAHAN & BLAINE, APLC<br>3 Hutton Centre Drive, Ninth Floor<br>Santa Ana, CA 92707 | [Attorneys for Plaintiff JAMES SKORHEIM, as Litigation Trustee for the FCH Litigation Trust]<br><br>(714) 241-4444 Telephone<br>(714) 241-4445 Facsimile<br>Email: daniel@callahan-law.com<br>Email: bmccormack@callahan-law.com<br>Email: ddarnell@callahan-law.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2011, at Los Angeles, California.

_/s/ Jazmin Leon_
JAZMIN LEON

1