1 | MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO P.C.
2 | Harvey I. Saferstein (SBN: 49750)
Nada I. Shamonki (SBN: 205359)
3 | 2029 Century Park East, Suite 1370
Los Angeles, California 90067
4 | Phone: 310.586.3200
Fax:    310.586.3202
5 | hsaferstein@mintz.com; nshamonki@mintz.com

6 | MINTZ LEVIN COHN FERRIS GLOVSKY AND
POPEO P.C.
7 | Robert I. Bodian (Admitted *Pro Hac Vice*)
Francis J. Earley (Admitted *Pro Hac Vice*)
8 | Narges M. Kakalia (Admitted *Pro Hac Vice*)
666 Third Avenue
9 | New York, NY 10017
Phone:  212-935-3000
10 | Fax:  212-983-3115
rbodian@mintz.com; fearley@mintz.com; nkakalia@mintz.com
11
Attorneys for Defendants
12

13 | **UNITED STATES DISTRICT COURT**

14 | **CENTRAL DISTRICT OF CALIFORNIA**

| JAMES SKORHEIM, as Litigation Trustee for the FCH Litigation Trust, | Case No.  SACV10-789 AG (MLGx) |
|---|---|
| Plaintiff, | Honorable  Andrew  J.  Guilford Courtroom 10D |
| vs. | |
| SCOTT N. FLANDERS, an individual; THOMAS W. BASSETT, an individual; WILLIAM F. BAKER, an individual; RAYMOND C.H. BRYAN, an individual; ROBIN J. HARDIE, an individual; BURL OSBORNE, an individual; DAVID M. TOLLEY, an individual; MICHAEL J. DOMINGUEZ, an individual; MARK J. MASIELLO, an individual; DAVID D. THRESHIE, an individual; MARK T. GALLOGLY, an individual; JILL A. GREENTHAL, an individual; JAMES J. SPANFELLER, an individual; CHRIS PHILIBBOSIAN, an individual; GREGORY J. WALLACE, an individual; and DOES 1 through 25, inclusive, | **DECLARATION OF FRANCIS J. EARLEY IN SUPPORT OF DEFENDANTS' *EX PARTE* APPLICATION TO EXTEND CASE DEADLINES** |
| Defendants. | |

1

1        I, Francis J. Earley, declare as follows:

2        1.     I am an attorney licensed to practice law in the State of New York and

3 admitted *pro hac vice* before this Court in this action.  I am a member of Mintz, Levin,

4 Cohn, Ferris, Glovsky and Popeo, P.C. ("Mintz Levin"), counsel for Defendants Scott

5 N. Flanders, Thomas W. Bassett, William F. Baker, Raymond C.H. Bryan, Robin J.

6 Hardie, Burl Osborne, David M. Tolley, Michael J. Dominguez, Mark J. Masiello,

7 David D. Threshie, Mark T. Gallogly, Jill A. Greenthal, James J. Spanfeller, Chris

8 Philibbosian, and Gregory J. Wallace (the "Directors" or "Defendants").  I submit this

9 declaration in support of Defendants' *Ex Parte* Application to Extend the Case

10 Deadlines ("Application").

11        2.     I am over the age of 18.  Except for those matters set forth on information

12 and belief, I make this declaration of my own knowledge.  I could and would

13 competently testify as to the matters set forth below if called upon to do so.  As for the

14 matters set forth on information and belief, I have been informed that they are true

15 and, based upon such information, I believe them to be true.

16        3.     Because of the voluminous nature of the documents and the large number

17 of witnesses in this action, Defendants anticipate that discovery, expert disclosures,

18 and trial preparation cannot be completed under the current case schedule, despite the

19 parties' best efforts and diligent attempts to complete discovery within the current

20 schedule.

21        4.     As soon as I determined that meeting the current case deadlines would be

22 extremely difficult, and most likely impossible, I requested that my colleague, Narges

23 Kakalia, contact Plaintiff's counsel, David Darnell, and request that Plaintiff stipulate

24 to a short extension of time for the current case deadlines.  Mr. Darnell agreed that an

25 adjournment of the expert discovery deadlines was warranted, but refused to stipulate

26 to an adjournment of the fact discovery deadline, the trial date and any other

27 corresponding deadlines.  As a result, Defendants are compelled to seek the

28 adjournment from the Court.  As set forth in greater detail below, good cause exists

1   for an extension of the dates in the current case scheduling order.

2   **Brief Procedural History**

3   5.   Plaintiff filed his original complaint in the Superior Court of California,

4   County of Orange on May 5, 2010.

5   6.   At the outset of the case, the parties engaged in significant motion

6   practice.

7   7.   On May 7, 2010, Plaintiff filed an abstention motion in the Delaware

8   Bankruptcy Court.

9   8.   On June 7, 2010, Defendants removed the case to this Court.

10   9.   On June 25, 2010, Defendants filed a motion to transfer venue to the

11   Delaware Bankruptcy Court.   That same day, Plaintiff filed a motion to remand the

12   action to the Superior Court.

13   10.   On July 9, 2010, the Delaware Bankruptcy Court granted Plaintiff's

14   abstention motion.   In response to the ruling from the Delaware Bankruptcy Court,

15   Defendants withdrew their motion to transfer venue on July 12, 2010.

16   11.   On August 6, 2010, Defendants filed a motion to dismiss pursuant to Fed.

17   R. Civ. P. 12(b)(6).

18   12.   On August 12, 2010, this Court denied Plaintiff's motion to remand.

19   13.   On August 23, 2010, the parties appeared before this Court for the

20   Scheduling Conference pursuant to Fed. R. Civ. Pr. 16.

21   14.   On February 22, 2011, six month after Defendants filed their motion to

22   dismiss, this Court granted it in part and denied it in part.

23   15.   On March 8, 2011, Plaintiff filed a First Amended Complaint.

24   **Document Discovery**

25   16.   Discovery in this action began almost six months after Plaintiff filed his

26   original complaint.   Discovery has consisted in the production of over 6.2 million

27   pages of documents and the depositions of multiple party and non-party witnesses.

28   17.   On January 3, 2011, Plaintiff served his first production of documents.

Plaintiff's production continued over the next few months and contained over 5.6 million pages of documents.

18.     There were numerous problems with Plaintiff's document productions: first, the documents were produced in many different formats.[1]   As a result, Defendants had to obtain and utilize a number of different software in order to upload and review the documents.   This process was both expensive and time-consuming. Second, there were hundreds of thousands of pages of duplicates, redundant documents, and non-responsive material.

19.     During the same period of time, Defendants produced almost 104,000 pages of documents.

20.     Over the course of the last few months, Plaintiff also has served subpoenas on seven non-parties.   Some of those non-parties have produced all responsive documents; others are in the process of completing their document productions; still others have not yet begun producing documents (one non-party, Bond & Pecaro, was subpoenaed very recently on December 12, 2011[2]); and non-parties Blackstone and Providence are awaiting a judicial determination in connection with Plaintiff's motion to compel their productions.   Thus, while non-party document discovery is still very much in flux, non-parties have produced approximately 582,000 pages of documents to date.

21.     In total, there have been over 6.3 million pages of documents produced in this case (and the parties are still awaiting the production of documents from certain non-parties subpoenaed by Plaintiff).

---

[1]      Indeed, Plaintiff's document production has been so voluminous and so complex that Plaintiff has helpfully provided Defendants' counsel with a nine-page "Production Matrix."  As of December 12, 2011, this matrix identifies 179 distinct productions, many of which, as set forth above, are duplicative, redundant or non-responsive.

[2]      While Bond & Pecaro's subpoena sought documents, Plaintiff's counsel has informed us that Plaintiff also intends to take Bond & Pecaro's deposition.

4

22.   Due the tremendous size of the productions in this matter, Defendants hired an electronic discovery vendor to handle the initial review of the document production of Plaintiff and the non-parties.  The vendor took over four months to perform the initial review of Plaintiff's production, despite employing 25-30 attorneys for the review.  The vendor also has conducted initial reviews of the non-parties' documents when the non-parties have produced documents in response to subpoenas.

23.   Once the initial review was completed by the electronic discovery vendor, attorneys from the Mintz Levin team who are working on this case began a more detailed review of the over 6.2 million pages of documents.  Mintz Levin has 4 attorneys engaged in the more detailed review of the over 6.2 million pages of documents.

**Party And Non-Party Depositions**

24.   Apart from the copious document production, this action has necessitated numerous depositions that have taken place all over the country.

25.   To date, Plaintiff has taken the depositions of Thomas Bassett (over two separate, non-consecutive days); Scott Flanders (also over two separate, non-consecutive days); Raymond Bryan; Burl Osborne (day two is scheduled for January 3rd) and William Baker.  Plaintiff has also taken the deposition of non-party Rachel Sagan on November 17, 2011.  The depositions that Plaintiff has not been able to complete in one day have necessitated that counsel and the parties reschedule and often travel back to the location of the original deposition to complete the second day of deposition.  Despite the cost, time commitment and inconvenience to Defendants and their counsel, Defendants have made every effort to accommodate Plaintiff's requests to extend the depositions over more than one day and schedule separate, non-consecutive days for the completion of those depositions.

26.   Notwithstanding the depositions completed thus far, the parties have scheduled the following depositions for January and February 2012, at the locations indicated in parentheses:

- January 3 – Burl Osborne, party (Dallas, TX)
- January 5 – Emily Keeton (Houston, TX or New York, NY)
- January 10 – Gregory Wallace, party (Jackson Hole, WY)
- January 13 – Robin Hardie, party (Denver, CO)
- January 17 – Holly Etlin (New York, NY)
- January 19 – Charles Freedgood (New York, NY)
- January 27 – Chris Philibbosian, party (San Diego, CA)
- January 31 – Jan Baker (New York, NY)
- February 1 – David Tolley, party (New York, NY)
- February 7 – Jill Greenthal, party (Boston, MA)
- February 10 – James Spanfeller, party (New York, NY)

27.     Additionally, the depositions of Defendant Mark Masiello (Providence, RI) and Plaintiff James Skorheim (Orange County, CA) have yet to be scheduled. The depositions of other non-parties, including Irwin Gold (Los Angeles, CA), Eric Winthrop (Los Angeles, CA), Doug Bennett (Orange County, CA) and Bond & Pecaro (together, the "Unscheduled Depositions") must also be scheduled and completed before the February 14, 2012 discovery cut-off.

28.     While both parties have acted in good faith to complete the necessary discovery in this matter, we believe it is simply not feasible for the parties to complete the Unscheduled Depositions by February 14, 2012, in light of the already-rigorous travel and deposition schedule (set forth in paragraph 26 above) under the current schedule.

29.     In addition, there is the issue of expert disclosures, which under the current schedule must also be completed on or before February 14, 2012. Thus, simultaneous with completing the review of the document production and taking the scheduled depositions and the Unscheduled Depositions, Plaintiff and Defendants will have at least two to three expert reports each to complete during the same timeframe. The parties' completion of expert disclosures is particularly complicated by the fact that neither document nor deposition discovery has been completed. Some of the outstanding documents and testimony are directly relevant to the subject of the

6

experts' reports.  For example, Bond & Pecaro, who was very recently subpoenaed by Plaintiff, will likely produce documents and testify about the valuation it conducted of Freedom from 2004-2008 on behalf of shareholders who needed a valuation report for estate planning purposes.  Bond & Pecaro will presumably be deposed after February 10 (in light of the fact that there is no room in the parties' schedule prior to that date, *see* paragraph 266 above) and will provide information about valuations of Freedom. That is the subject of one of Defendants' expert disclosures.  Defendants should not be compelled to produce expert disclosures before facts relevant to those disclosures have been produced.

30.    In addition to the depositions that still need to be completed, Defendants also have to respond to thirty six separate sets of discovery requests that Plaintiff served on December 15, 2011.[3]

---

[3]/    Responses to the following thirty six sets of discovery are due on January 20, 2012: Interrogatories to Burl Osborne (Set One), Interrogatories to Chris Philibbosian (Set One), Interrogatories to David M. Tolley (Set One), Interrogatories to Gregory J. Wallace (Set One), Interrogatories to James J. Spanfeller (Set One), Interrogatories to Jill A. Greenthal (Set One), Interrogatories to Mark J. Masiello (Set One), Interrogatories s to  Raymond C.H. Bryan (Set One), Interrogatories to Robyn J. Hardie (Set One), Interrogatories to Scott N. Flanders (Set One), Interrogatories to Thomas W. Bassett (Set One), Interrogatories to William F. Baker (Set One), Request for Production of Documents and Things to Defendant Burl Osborne (Set Two), Request for Production of Documents and Things to Defendant Chris Philibbosian (Set Two), Request for Production of Documents and Things to Defendant David M. Tolley (Set Two), Request for Production of Documents and Things to Defendant Gregory J. Wallace (Set Two), Request for Production of Documents and Things to Defendant James J. Spanfeller (Set Two), Request for Production of Documents and Things to Defendant Jill A. Greenthal (Set Two), Request for Production of Documents and Things to Defendant Mark J. Masiello (Set Two), Request for Production of Documents and Things to Defendant Raymond C.H. Bryan (Set Two), Request for Production of Documents and Things to Defendant Robin J. Hardie (Set Two), Request for Production of Documents and Things to Defendant Scott N. Flanders (Set Two), Request for Production of Documents and Things to Defendant Thomas W. Basset (Set Three), Request for Production of Documents and Things to Defendant William F. Baker (Set Two), Requests for Admission to Burl Osborne (Set One), Requests for Admission to Chris Philibbosian (Set One), Requests for

7

**Personal And Other Matters That Have Delayed Discovery**

31.    The depositions of Defendants Thomas Bassett, Burl Osborne and non-party Emily Keeton were scheduled to take place in August 2011.  However, they were all adjourned to the months of September and October 2011 at Mr. Darnell's request because of a medical emergency in his family, which we were happy to accommodate as a professional courtesy.

32.    Plaintiff has since completed one day of deposition for Defendant Burl Osborne.  Unfortunately, the second day of deposition for Mr. Osborne, as well as the deposition of non-party Emily Keeton, which were scheduled for December 14th and 16th respectively, were adjourned because of a medical emergency in my family. Mr. Darnell accommodated my request for adjournment with the requisite professional courtesy.

33.    I am co-lead counsel in this matter and run this case on a daily basis; however, my availability over the past month has been severely limited because of two separate medical emergencies that involved two separate members of my immediate family being hospitalized on an emergency basis.

34.    Additionally, from January 5, 2012 through January 24, 2012, three members of Mintz Levin's Freedom team (Mr. Bodian, Ms. Kakalia and Ms. Madeo) will be preparing for and/or attending an international arbitration hearing in London, England.  Thus, during a significant period in January 2012, approximately half my team will be engaged with the London arbitration, so I will have very little discovery and pre-trial support during that time period.

---

Admission to David M. Tolley (Set One), Requests for Admission to Gregory J. Wallace (Set One), Requests for Admission to James J. Spanfeller (Set One), Requests for Admission to Jill A. Greenthal (Set One), Requests for Admission to Mark J. Masiello (Set One), Requests for Admission to Raymond C.H. Bryan (Set One), Requests for Admission to Robin J. Hardie (Set One), Requests for Admission to Scott N. Flanders (Set One), Requests for Admission to Thomas W. Bassett (Set One), and Requests for Admission to William F. Baker (Set One).

8

**Necessity For *Ex-Parte* Application**

35.     Plaintiff's counsel has had numerous conversations with my colleague Narges Kakalia regarding extending the current deadlines in the case management order.  Plaintiff's counsel, Mr. Darnell, has made it clear in email exchanges and telephone calls that he is amenable to extending the dates for expert disclosures and the Rule 16 conference deadlines.  He also recognizes that some fact depositions may need to be scheduled after the current deadline of February 14, 2012.  He has made it clear, however, that he is not amenable to extending the dates for the general fact discovery cut-off, the final pre-trial conference and related due date of the pre-trial disclosures, trial date and corresponding deadlines.

36.     At the outset of the action—before any motion practice or case delays occurred—Plaintiff was well aware that the case was complex and was likely to take more than twenty-four months before it was completed.  For example, on May 26, 2010, the Superior Court issued a Minute Order, a true and correct copy of which is attached hereto as Exhibit A, wherein it deemed the case "Complex" (presumably at Plaintiff's request when he filed his original complaint) and stated that the "case [was] exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months...."

37.     Under the current case deadlines, the trial in this case is scheduled to begin on May 15, 2012, approximately twenty-four months after Plaintiff filed his original complaint.  Since Mr. Darnell was well aware a the beginning of the case that the action would likely take over twenty-four months before it was completed, we anticipated that he would readily agree to our request for brief extensions of time of the current case deadlines.  Instead, Mr. Darnell has taken the position that the current case deadlines should be easily met.  As a proffered compromise, Mr. Darnell has agreed to continue only the expert disclosures and possibly certain deadlines under Local Rule 16.  Mr. Darnell has insisted, however, that the discovery cut-off, final

1  pre-trial conference and trial date (and any corresponding dates that run from the trial

2  date) remain unchanged.

3      38.   Defendants do not believe that it is possible to complete all fact

4  depositions and expert disclosures within the current schedule.   Furthermore,

5  Defendants do not believe it would be possible to prepare for the conference pursuant

6  to Local Rule 16, draft summary judgment motions and *be* ready for trial in the very

7  short time-frame between the proposed close of discovery on February 14, 2012 and

8  the current trial date of May 15, 2012.

9      39.   Mr. Darnell's position is surprising since he has understood since the

10  beginning of the case the complexity of the action, the voluminous nature of the

11  documents and witnesses, and the reality that significant delays have interfered with

12  this case proceeding smoothly to trial.

13      40.   As soon as it became clear that Mr. Darnell would not enter into a

14  stipulation to extend the case deadlines as we requested, we prepared this Application

15  for immediate filing with the Court.

16  **Relief Requested**

17      41.   Defendants respectfully request that the Court continue the trial date

18  (currently May 15, 2012), the final pretrial conference date (currently April 30, 2012),

19  the discovery cut-off (February 14, 2012), and all case related deadlines (except the

20  deadline to conduct a final settlement conference, which the parties believe can be

21  accomplished by the current date of February 14, 2012) by approximately forty-five

22  (45) days.

23      42.   Specifically, Defendants respectfully request that

24      a. The trial date, currently May 15, 2012 at 9:00 a.m., be continued to

25      July 2, 2012 at 9:00 a.m., or any other date convenient to the Court.

26

27

28

10

b. The last day to hold a final settlement conference, currently February 14, 2012, shall remain the same.

c. The final pre-trial conference date, currently April 30, 2012 at 8:30 a.m., be continued to June 14, 2012 at 8:30 a.m., or any other date convenient to the Court.

d. The discovery cut-off date, currently February 14, 2012, be continued to March 30, 2012, or to a date convenient to the Court.

43.   Alternatively, if the Court is not amenable to continuing the trial date, final pretrial conference date and discovery cut-off, Defendants respectfully request that the Court continue the expert disclosure deadlines by 30 days as follows:

a. The deadline to designate expert witnesses to be called at trial and provide reports, currently January 16, 2012, would be continued to February 15, 2012.

b. The expert discovery cut-off, currently February 14, 2012, would be continued to March 15, 2012.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 19, 2011, in New York, New York.

Francis J. Earley

# EXHIBIT A

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CIVIL COMPLEX CENTER

MINUTE ORDER

Date: 05/26/2010                Time: 07:59:00 AM          Dept: CX105

Judicial Officer Presiding: Nancy Wieben Stock
Clerk: Larry S Brown, Angela M Knox
Reporter/ERM: None
Bailiff/Court Attendant: None

Case No: **30-2010-00369301-CU-NP-CXC**  Case Init. Date: 05/05/2010
Case Title: **Skorheim vs. Flanders**

Case Category: Civil - Unlimited        Case Type: Non-PI/PD/WD tort - Other

---

EVENT ID/DOCUMENT ID: 70989517
**EVENT TYPE**: Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

Each party who has not paid the Complex fee of $ 550.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within 10 calendar days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

The Initial Case Management Conference is scheduled for 08/09/2010 at 08:30 AM in Department CX105.

Plaintiff shall, at least 5 days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware. Other parties who think it necessary may also submit similar summaries three court days prior to the hearing. DO NOT use the Case Management Statement form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 308. Plaintiff shall give notice of the Initial Case Management Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

Plaintiff shall serve the attached Case Management Conference Order on all parties. A copy of the order is posted on the Court's website under "Complex Civil Calendar Information – Dept. CX105."
Plaintiff shall also serve the "Complex Civil Guidelines" with the summons and complaint. A copy of the guidelines is posted on the Court's website.

---

Date: 05/26/2010                    MINUTE ORDER                         Page: 1
Dept: CX105                                                      Calendar No.:

**Exhibit A**

12

Case Title: **Skorheim vs. Flanders**                    Case No: **30-2010-00369301-CU-NP-CXC**

---

Clerk to give notice to plaintiff and plaintiff to give notice to all other parties.

Callahan & Blaine, APLC 3 Hutton Centre Dr., 9th Floor, Santa Ana, CA 92707

CLERK'S CERTIFICATE OF MAILING: I certify I am not a party to this cause, over age 18, and a copy of this document was mailed first class postage, prepaid in a sealed envelope addressed as shown, on 5/26/10, at Santa Ana, California. ALAN CARLSON/EXECUTIVE OFFICER & CLERK OF THE SUPERIOR COURT, BY: Angela Knox, Deputy

---

Date: 05/26/2010                        MINUTE ORDER                        Page: 2
Dept: CX105                                                                 Calendar No.:

**Exhibit A**

13

An initial Case Management Conference is set for **8/9/10** at **8:30** A.M. in Department CX-105, Complex Civil Courthouse, located at 751 West Santa Ana Boulevard, Santa Ana, California, 92701.

To facilitate the orderly conduct of discovery and motions brought before this court, no motions may be filed prior to the Initial Status Conference and all discovery is stayed. However, to the extent that a defendant wishes to file a first response other than an answer, Defendant is instructed to file a "Notice of [Special] Appearance and Intent to File [title of motion]," as the defendant's first appearance, or special appearance, as the case may be. Nothing herein stays the time for filing an affidavit of prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel for all parties are ordered to personally attend the Initial Case Management Conference. Pursuant to Code of Civil Procedure section 367.5(c), and California Rule of Court 3.670(e), this Court determines with respect to this complex litigation that personal appearance by counsel at the Initial Case Management Conference will materially assist in the effective management of the case. If any counsel wishes the court to make an exception for hardship, application may be made by telephonic request to the court clerk, or by ex parte application, stating grounds for requesting an exception. After the Initial case Management Conference counsel who are managing the litigation, and who are able to make decisions regarding discovery and briefing of legal issues, shall attend all subsequent Status Conferences personally, or by *Court Call*.

Prior to the Initial Case management Conference, counsel for all parties are ordered to meet and confer in person (no later than 10 days before the conference) and discuss the following topics. Additionally, counsel shall be prepared to discuss these issues with this court at the Initial Status Conference.

1. Parties and the addition of parties;
2. Claims and defenses;
3. Consideration of any issues of recusal or disqualification;
4. Issues of law that, if considered by the court, may simplify or foster resolution of the case;
5. Appropriate alternative dispute resolution (ADR) mechanisms (e.g., mediation, mandatory settlement conference, arbitration, mini-trial, etc.);
6. A plan for preservation of evidence;
7. A plan for disclosure and discovery;
8. Whether it is possible to plan "staged discovery" so that information needed to conduct meaningful ADR is obtained early in the case, allowing the option to complete discovery if the ADR effort is unsuccessful;
9. Whether a structure of representation such as liaison/lead counsel is appropriate for the case in light of multiple plaintiffs and/or multiple defendants;
10. Procedures for the drafting of a Case Management Order, if appropriate;
11. Any issues involving the protection of evidence and confidentiality;
12. The handling of any potential publicity issues;
13. The creation of a single master file for the litigation to eliminate the need for multiple filings of similar documents when related cases have common parties.

Counsel for plaintiff is to take the lead in preparing a Joint Initial Case Management Conference Report to be filed three court days prior to the Initial Status Conference. The Joint Initial Case Management Conference Report is to include the following:

1. A list of all parties and counsel;
2. A statement as to whether additional parties are likely to be added and a proposed date by which all parties must be served;

October 2009

**Exhibit A**
**14**

3. An outline of the claims and cross-claims and the parties against whom each claim is asserted;
4. Service lists and procedures for efficient service filing;
5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case;
6. Applicability and enforceability of arbitration clauses;
7. A list of all related litigation pending in other courts, a brief description of any such litigation, and a statement as to whether any additional related litigation is anticipated;
8. A description of core factual and legal issues;
9. A description of legal issues that, if decided by the court, may simplify or further resolution of the case;
10. Whether discovery should be conducted in phases or limited; and if so, the order of phasing or types of limitations on discovery;
11. Whether particular documents and witness information can be exchanged by agreement of the parties.
12. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;
13. The usefulness of a written case management order; and
14. A target date and a time estimate for trial.

To the extent the parties are unable to agree on the matters to be addressed in the Joint Initial Case Management Conference Report, the positions of each party or of various parties shall be set forth separately and attached to the Joint Report as an addenda.

Counsel are reminded of their responsibility to file a timely Notice of Related Case pursuant to California Rule of Court 3.300(b)(f). Related cases include cases pending in other counties and in federal court. (*See* CRC 3.300(b).) These rules establish a duty that continues throughout the course of the litigation. (*See, e.g.,* CRC 3.300(f).) Further information on Department CX-105 and/or the Complex Civil Panel Building may be obtained from www.occourts.org

IT IS SO ORDERED.

October 2009

**Exhibit A**

**15**

1

## CERTIFICATE OF SERVICE

2      I am a resident of the State of California, over the age of eighteen years, and

3  not a party to the within action.  My business address is 2029 Century Park East,

4  Suite 1370, Los Angeles, California 90067.

5      I hereby certify that on December 19, 2011, I electronically filed the

6  **DECLARATION OF FRANCIS J. EARLEY IN SUPPORT OF
   DEFENDNATS' *EX PARTE* APPLICATION TO EXTEND CASE**

7  **DEADLINES**

8  with the Clerk of the Court by using the CM/ECF system which will send a notice of

9  electronic filing to the following CM/ECF registered parties:

10

11  Daniel J. Callahan                    [Attorneys for Plaintiff JAMES
    Brian J. McCormack                    SKORHEIM, as Litigation Trustee for
    David J. Darnell                      the FCH Litigation Trust]

12  Evan W. Granowitz
    CALLAHAN & BLAINE, APLC               (714) 241-4444 Telephone

13  3 Hutton Centre Drive, Ninth Floor    (714) 241-4445 Facsimile
    Santa Ana, CA 92707                   Email: daniel@callahan-law.com

14  Phone:  714-241-4444                  Email: bmccormack@callahan-law.com
                                          Email: ddarnell@callahan-law.com

15                                        Email: egranowitz@callahan-law.com

16      I declare under penalty of perjury that the foregoing is true and correct.

17  Executed on December 19, 2011, at Los Angeles, California.

18

19                                        *Jazmin Leon*

20                                        JAZMIN LEON

21

22

23

24

25

26

27

28

5866699v.1                              3