**CALLAHAN & BLAINE, APLC**
Daniel J. Callahan (Bar No. 91490)
daniel@callahan-law.com
David J. Darnell (Bar No. 210166)
ddarnell@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
(714) 241-4444
(714) 241-4445 Fax

Attorneys for Plaintiff JAMES SKORHEIM,
as Litigation Trustee for the FCH Litigation Trust

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| JAMES SKORHEIM, as Litigation Trustee for the FCH Litigation Trust,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>SCOTT N. FLANDERS, an individual; THOMAS W. BASSETT, an individual; WILLIAM F. BAKER, an individual; RAYMOND C.H. BRYAN, an individual; ROBIN J. HARDIE, an individual; BURL OSBORNE, an individual; DAVID M. TOLLEY, an individual; MICHAEL J. DOMINGUEZ, an individual; MARK J. MASIELLO, an individual; DAVID D. THRESHIE, an individual; MARK T. GALLOGLY, an individual; JILL A. GREENTHAL, an individual; JAMES J. SPANFELLER, an individual; CHRIS PHILIBBOSIAN, an individual; GREGORY J. WALLACE, an individual; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendants.<br>_____ | CASE NO. SACV10-789 AG (MLGx)<br><br>Honorable Andrew J. Guilford<br>Courtroom 10D<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS EX PARTE APPLICATION TO CONTINUE TRIAL AND RELATED CASE DEADLINES; NOTICE OF NON-OPPOSITION TO EX PARTE TO CONTINUE EXPERT WITNESS DISCLOSURE DEADLINES**<br><br>Complaint filed:　May 5, 2010<br>Trial Date:　　　May 15, 2012 |

## I. INTRODUCTION

Plaintiff JAMES SKORHEIM, as Litigation Trustee for the FCH Litigation Trust ("Plaintiff"), hereby opposes Defendants' *ex parte* application to continue the trial date in this matter. Plaintiff has no objection to a short continuance of the expert witness deadlines and to allow expert witness depositions to be completed at a reasonable time thereafter, but a continuance of the current trial date and all other deadlines is simply unnecessary and raises more questions than answers about the purpose of such a request. Accordingly, and as set forth in more detail below, Plaintiff respectfully requests that the Court deny Defendants' ex parte application for a continuance of the trial date and all related deadlines, and instead only grant Defendant's ex parte application for a continuance of the expert witness disclosure deadlines.

## II. A CONTINUANCE OF THE TRIAL DATE AND ALL RELATED DEADLINES IS UNNECESSARY.

Defendants' request for a trial continuance should be denied. As set forth below, a closer examination of the basis for Defendants request for a continuance of trial and related deadlines shows that it unnecessary and likely motivated by some other purpose.

### A. Defendants Have Not Noticed or Taken a Single Deposition in This Case.

While Defendants cite the need to complete depositions as the basis for a trial continuance (which Plaintiff objects to), it is the Plaintiff (and not Defendants) who has noticed and taken every deposition to date. This bears repeating – Defendants have not noticed or taken a single deposition to date. In fact, the only deposition that Defendants have said they intend to notice is that of the Plaintiff James Skorheim. Compare this to the Plaintiff, who has already noticed and taken six depositions and who has also noticed the other 11 depositions that are already on calendar and confirmed to proceed

in January and February. And of the few remaining depositions to be calendared, Plaintiff is also working diligently to coordinate schedules and to have these to proceed on open dates before February 14, 2012.

Since Defendants have not taken a single deposition to date and only intend to take one deposition (Plaintiff James Skorheim), their complaints about completing depositions are suspect, especially when Plaintiff (who will be taking nearly every deposition in this case) objects to a trial continuance and believes all depositions can be completed before the current deadline of February 14, 2012.

### B. All Fact Depositions Can Be Completed Prior to the Current Cutoff.

Plaintiff believes all fact depositions in this case can and should be completed before the current cutoff of February 14, 2012. To this end, nearly all of these depositions have either already been taken or are confirmed and scheduled to take place before the current deadline. Specifically, the following depositions have either already been taken or are on calendar and confirmed:

- Defendant Osborne (September 9, 2011 and January 3, 2012);
- Defendant Flanders (September 29, 2011 and December 1, 2011);
- Defendant Bassett (October 6, 2011 and October 28, 2011);
- Defendant Bryan (November 2, 2011);
- Defendant Baker (November 4, 2011);
- Non-party Rachel Sagan (November 17, 2011);
- Non-party Emily Keeton (January 5, 2012);
- Defendant Wallace (January 10, 2012);
- Defendant Hardie (January 13, 2012);
- Non-party Holly Etlin (January 17, 2012);
- Non-party Charles Freedgood (January 19, 2012);
- Defendant Phillobosian (January 27, 2012);
- Non-party Jan Baker (January 31, 2012);
- Defendant Tolley (February 1, 2012);

     •     Defendant Greenthal (February 7, 2012); and

     •     Defendant Spanfeller (February 10, 2012).

Based on this confirmed schedule, the following weekdays remain open possibilities for the scheduling of other depositions: January 16, 18, 20, 23, 24, 25, 26, and 30, and February 2, 3, 6, 8, 9, 13 and 14. Accordingly, Plaintiff is working diligently to coordinate, confirm and notice the deposition of Defendant Masiello for February 3, 2012, as well as deposition of the person most knowledgeable from non-party Houlihan Lokey (which would likely be either Irwin Gold or Eric Wintrop, or both) for either January 23, 24 or 25, 2012.[1]

In addition, Plaintiff may possibly take the depositions of two other non-parties, which include Doug Bennett and the person most knowledgeable from Bond & Pecaro.[2] If necessary, Plaintiff believes that these other depositions can also be completed on the other open dates before the current cutoff, such as January 23, 24 or 25 (for Doug Bennett) and January 30, February 2, 6, 8, 9, 13 or 14 (for Bond & Pecaro).

---

[1] Plaintiff has also agreed to produce Plaintiff for his deposition and is working with defense counsel to also schedule this deposition on one of the many other open dates before the current discovery cut-off.

[2] Plaintiff intends to confer with defense counsel regarding whether the depositions of Doug Bennett and the person most knowledgeable from Bond & Pecaro are truly necessary. By way of background, Doug Bennett was the acting CFO of Freedom Communications Holdings, Inc. and Freedom Communications, Inc. (collectively "Freedom") until the middle part of 2008 and Bond & Pecaro is an accounting firm that appraised the fair market value of Freedom as of December 31, 2008. Doug Bennett is expected to offer testimony that will authenticate financial records and establish that Freedom was insolvent during the relevant time period. Likewise, Bond & Pecaro prepared a report finding that Freedom's shareholder "calculated equity value is negative" or "nil" as of December 31, 2008. These two other depositions may be unnecessary as Plaintiff has served requests that Defendants admit that Freedom was insolvent at various points in 2008. Given the evidence of insolvency in Freedom's own financial documents, as well as the Bond & Pecaro report, Plaintiff seeks Defendants' admissions and evidentiary stipulations that may obviate the need for these depositions.

1    As set for above, Plaintiff believes that all fact depositions can and should be
2 completed on or before the current cutoff of February 14, 2012.  Hence, the schedule
3 for completing depositions in this case does not warrant a continuance of trial.

### B. The Number of Discovery Documents Do Not Necessitate a Trial Continuance.

Defendants argue that some 6.3 Million pages of documents have been produced in this case.  Plaintiffs dispute the accuracy of this total number, but in any event, as acknowledged by Defendants' own counsel, the vast majority of this number (5.6 Million or approximately 88%) was produced to Defendants more than eight months ago.[3]  And not only have Defendants had the vast majority of these documents for a substantial amount time, but they also had them and knew about their "numerous problems" long before July 11, 2011, which is the date the parties submitted a prior stipulation to continue the trial date in this matter.[4]  Given the number of attorneys at Mintz Levin working on this matter, as well as its retained outside venders, coupled with the amount of time that Defendants have had these documents, Defendants arguments regarding the volume of discovery documents is a red herring.

---

[3]   See Declaration of Francis Earley in support of Defendants' Ex Parte Application, ¶ 17 ("On January 3, 2011, Plaintiff served his first production of documents.  Plaintiff's production continued over the next few months and contained over 5.6 million pages of documents.")

[4]   On July 11, 2011, the parties agreed and stipulated to continue the prior scheduled trial date of February 21, 2012 some 90 days to the current date of May 15, 2012.  *See* Dkt. 71.

### C. The Pending Written Discovery, as well as the Discovery Motion Relating to Other Possible Insurance Policies, Have No Bearing on the Current Trial Date.

It is common practice for parties to serve discovery requests leading up to the discovery cut-off and in the pre-trial preparation phase of a case. As long as the discovery not unduly burdensome (which Defendants have neither argued nor established), such pretrial discovery is not grounds for a continuance.

In this case, Plaintiff issued a very specific document subpoena to a third party witness on December 12, 2011 (more than 9 weeks before the February 14, 2012 discovery cutoff). A few days later, on December 15, 2011 (more than 8 weeks before the cutoff), Plaintiff served a set of specific request for admissions, accompanied by related interrogatories and production requests, upon certain Defendants. The timing and substance of these requests comply with this Court's Scheduling Order, as well as the applicable federal rules of Civil Procedure. In addition (and ironically), these discovery requests were served in order to possibly narrow the issues in dispute at the time of trial. Thus, if anything, such requests should serve to eliminate issues and allow the parties to be more prepared and focused at the time of trial (and not trigger the need for a trial continuance as argued by Defendants).

Defendants citation to pending motion to compel against a third party is also irrelevant. After all, this motion relates to whether Blackstone and Providence, whom some of the Defendants are affiliated with, may have obtained other additional insurance policies that may provide for indemnification on any judgment obtained against Defendants in this action. This motion was taken under submission after being heard in the United States District Court for the Southern District of New York on November 15, 2011. The pending nature of this insurance motion, however, has no bearing on the ability of the parties or their counsel to prepare for trial as scheduled.

### D. The Reference to Trial Calendars of Other Mintz Levin Attorneys Raises More Questions Than Answers.

In addition to their arguments about depositions and documents, Defendants have also argued a continuance is necessary because of another matter where three attorneys at Mintz Levin (identified as "key members of Mintz Levin's Freedom team") have apparently agreed to take on an arbitration hearing in London from January 5 - 24, 2012. Curiously, defense counsel do not state when they first knew about this other "conflicted" matter or why it is so compelling as to need to disrupt the trial schedule of the parties and the Court in this case. In addition, Defendants do not state why any of the other attorneys at Mint Levin cannot handle this other matter. This is particularly concerning when Mintz Levin's website states that they have more than "500 highly qualified and dedicated attorneys" with offices located throughout the United States, as well as in "London," the very city where this arbitration is supposed to take place.[5] Defendants omissions here speak volumes and tend to show this other matter is just an artifice to disguise some other reason behind their request for a trial continuance.

### E. Defendants' Request for a Trial Continuance is Likely Motivated by an Improper Purposed Based on the Insurers Desire to Try to Obtain a Tactical Advantage in the Declaratory Relief Action.

On October 4, 2011, three of the insurers providing for a defense of Defendants in this action filed a separate Complaint for Declaratory Relief against Defendants in the matter entitled *Zurich American Insurance Company, et al. v. Scott Flanders, et. al.*, Orange County Superior Court Case No. 30-2011-00512900-CU-IC-CJC ( "Declaratory Relief Action"). The Declaratory Relief Action asserts three separate claims, each of which seeks a declaration that the insurers are not obligated to indemnify Defendants for any damages, judgment or settlement in connection with Plaintiff's claims herein.

---

[5] *See* http://www.mintz.com/about.php

In response to the Declaratory Relief Action, as well as the insurers threat to file a motion for summary judgment in that action, Defendants filed a motion to stay the Declaratory Relief Action based on California Supreme Court precedent in *Montrose Chemical Corp. v. Superior Court*, 6 Cal.4th 287, and its progeny. Defendants motion to stay the Declaratory Relief Action is set to be heard by the Judge Margines in Department C-19 of the Orange County Superior Court on January 11, 2012.

Plaintiff believes the instant request for a trial continuance may be motivated by pressure from the insurers, who are paying Mintz Levin's fees, as the insurers may desire a trial continuance in order to try to raise other arguments and obtain some type of tactical advantage in the Declaratory Relief Action. After all, these same insurers previously indicated that want to stay the trial date in this action and even sent an improper ex parte letter to Judge Guilford seeking to obtain this result.[6] This belief is further reinforced by the fact that discovery can and should be completed by the current deadline, which begs the question as to the true motive for seeking to continue the trial date and all other deadlines.

### III. PLAINTIFF HAS NO OBJECTION TO A SHORT CONTINUANCE OF THE DEADLINE TO DESIGNATE EXPERT WITNESSES AND PROVIDE REPORTS, AND TO ALSO ALLOW EXPERT DEPOSITIONS TO BE TAKEN AT A REASONABLE THEREAFTER.

As set forth above, a continuance of the trial date and all related deadlines is overkill and goes much too far. It also begs the question behind the true purpose in

---

[6] On November 2, 2011, Andrew Margulis of Ropers Majeski Kohn Bentley, who is counsel for the insurers in the Declaratory Relief Action, sent an ex parte letter to Judge Guilford advising the Court of the Declaratory Relief Action and requesting a stay of Plaintiff's Lawsuit. This ex parte letter was subsequently rejected by the Court pursuant to Local Rule 83-2.11 providing that there shall be no communications with the Judge by letter. *See* Dkt No. 73.

seeking a continuance and whether this is tied to the insurers other motives in connection with the Declaratory Relief Action.

For these reasons, Plaintiff respectfully requests that Defendants' application to continue the trial date and related deadlines be denied. However, since it may be more efficient for the parties to designate experts and exchange reports after all fact depositions have been completed (which again should occur on or before February 14, 2012), Plaintiff has no objection to a short continuance of the expert witness deadlines and to allow expert witness depositions to be completed at a reasonable time thereafter.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' ex parte application for a continuance of the trial date and all related deadlines, and instead only grant Defendant's ex parte application for a continuance of the expert witness disclosure deadlines.

Dated: December 20, 2011               **CALLAHAN & BLAINE, APLC**

                                       By: /s/ *David J. Darnell*
                                           David J. Darnell
                                       Attorneys for Plaintiff
                                       JAMES SKORHEIM, as Litigation
                                       Trustee of the FCH Litigation Trust

G:\Clients\2313\2313-04\Pld\Opposition to Ex Parte App re Trial Continuance.wpd

DEFENDANTS' EX PARTE                8                          SACV10-789 AG (MLGx)

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. I am employed in the office of a member of the bar of this Court at whose direction service was made. My business address is Callahan & Blaine, APLC, 3 Hutton Centre, Ninth Floor, Santa Ana, California 92707.

On December 20, 2011, I served the foregoing document described as:

**PLAINTIFF'S OPPOSITION TO DEFENDANTS EX PARTE APPLICATION TO CONTINUE TRIAL; NOTICE OF NON-OPPOSITION TO EX PARTE TO CONTINUE EXPERT WITNESS DISCLOSURE DEADLINES**

[X] **BY ELECTRONIC MAIL:** I electronically filed such document with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to all other parties appearing on the docket sheet as listed below.

Harvey I. Saferstein, Esq.
Nada I. Shamonki, Esq.
**MINTZ, LEVIN, COHN, FERRIS, CLOVSKY AND POPEL, P.C.**
2029 Century Park East, Suite 1370
Los Angeles, CA 90067
Tel: (310) 586-3200
Fax: (310) 586-3202
hsafarstein@mintz.com
nshamonki@mintz.com
*Attorney for Defendants*

Francis J. Earley, Esq.
Narges M. Kakalia, Esq.
**MINTZ, LEVIN, COHN, FERRIS, CLOVSKY AND POPEL, P.C.**
Chrysler Center
666 Third Avenue
New York, NY 10017
Tel: (212) 935-3000
Fax: (212) 983-3115
fearley@mintz.com
nmkakalia@mintz.com
*Attorney for Defendants*

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on December 20, 2011 at Santa Ana, California.

_____
Monique Kingsbury